HALL, Judge.
Plaintiff-husband sued defendant-wife for divorce on grounds of adultery and sought the permanent care and custody of their adopted child, Preston. The trial court granted plaintiff the divorce but awarded permanent custody of the child to defendant. Plaintiff perfected an appeal to this court assigning as error the decision of the trial court awarding custody to defendant rather than plaintiff. We affirm.
Plaintiff and defendant were married on May 30,1970 and established their matrimonial domicile in Coushatta. Preston, who was adopted by the parties, was born October 1, 1974 and has lived with the couple since the day after his birth. The couple has no other children. At time of trial, Preston was five years old.
Plaintiff is a teacher and coach at Cous-hatta High School; during the summer he also serves as the athletic director for the town of Coushatta and for Red River Parish. Defendant, during her marriage, was *791 an elementary school teacher for Red River Parish. She took sabbatical leave in August 1979 in order to devote more time to Preston.
In early 1980, defendant visited her mother in New Orleans during Mardi Gras and again during St. Patrick’s Day festivities. Defendant returned home to Coushat-ta on March 17, 1980. The next day she packed her belongings and moved to New Orleans taking Preston with her. She telephoned plaintiff that evening to tell him she and Preston were in New Orleans and that he, plaintiff, should not come looking for them.
The weekend after defendant left plaintiff, plaintiff traveled to New Orleans to find his wife and child. Plaintiff saw his wife at a New Orleans bar with another man. He followed the couple to several bars then to a trailer, apparently the man’s home. Plaintiff testified that his wife and her date entered the trailer and that, shortly thereafter, all the lights in the trailer were turned off and remained out for at least two hours. Defendant did not deny or controvert this testimony which was sufficient to prove that defendant committed adultery. This is not at issue on appeal.
The only issue presented for our review is whether the trial court abused its discretion in finding that it is in Preston’s best interest that defendant be awarded permanent care and custody of him. Testimony adduced at trial indicates that both plaintiff and defendant have been good and loving parents and that both continue to be fit and capable of rearing their child. Certain factors considered by the trial court favor awarding custody to the father; among these is the fact that Preston would be raised in familiar surroundings by a loving father and loving grandparents who would rear him in a good Christian environment. Other factors favor awarding custody to the defendant-mother; among these is the fact that defendant could, at least for a while, devote her full attention to Preston because she is not employed. Defendant testified that she works with Preston daily to prepare him for his future schooling. She testified that Preston had a speech problem and some difficulty with motor skills but that he has improved since she began working with him regularly. Defendant also testified that since she and Preston moved to New Orleans Preston has become more independent and more disciplined.
Preston and his mother live in a small two-bedroom house in the suburbs of New Orleans. Although her income is limited, defendant testified that she is able to provide for all Preston’s needs. Defendant will be able to devote her full energies to Preston’s development until she has to return to work; by that time, Preston will be in school and the full-time attention of his mother will not be as important as it is now.
The factor considered by the trial court which seems to have tipped the scales in favor of awarding custody to the mother is “the real life fact, based on human experience, that it is often, in many if not most family circumstances, in the best interest of young children to be cared for by their mother.” Thornton v. Thornton, 377 So.2d 417 (La.App. 2d Cir. 1979). In Thornton, we held that no legal preference is to be given the mother in a custody determination, the maternal preference rule having been abrogated by amendments to LSA-C.C. Arts. 146 and 157. These amendments clearly establish that every custody award is to be made in accordance with the best interest of the child or children involved. The trial court did not err in considering the factor we mentioned in Thornton, along with other factors, in making its best interest determination.
As the trial court determined, contrary to plaintiff’s contentions, the evidence does not support a finding that defendant’s moral character is such that it has had or will have a detrimental effect on the child. The record does not reveal any evidence showing that the child was exposed to any bad influences or improprieties while in his mother’s care.
The law governing custody disputes has undergone changes in recent years but one principle has remained constant and applies *792 as much today as when the Supreme Court decided Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). That principle is that the trial court, being in a superior position to evaluate the needs of the child and the abilities of the parents, has great discretion in determining the best interest of the child and its decision will not be disturbed on appeal in the absence of a clear abuse of that discretion. In this case, there was no such abuse of discretion in the trial court’s decision to award custody to the mother.
For the reasons assigned, the decision of the trial court awarding custody to the defendant is affirmed. Costs of this appeal are assessed to the plaintiff-appellant.
Affirmed.